IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cornelius Deon Rivers, ) | Criminal Action No.: 4:08-cr-1072-RBH-2 |
| ) | Civil Action No.: 4:14-cv-4547-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Cornelius Deon Rivers's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 584. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 28, 2008, a federal grand jury returned a one count indictment against Petitioner and several co-defendants. *See* Indictment, ECF No. 3. The indictment charged Petitioner with conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine. *See id*. at 1–2.

On July 7, 2009, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 188. In the plea agreement, Petitioner agreed to plead guilty to Count 1 of the indictment, and in exchange the Government agreed to move for a downward departure pursuant to United States Sentencing Guideline ("USSG") § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Procedure 35(b) if it deemed Petitioner's cooperation to constitute substantial assistance. *See id.* at 1, 5. On December 18, 2009, the Court sentenced Petitioner to a term of 240 months. *See* Minute Entry, ECF No. 276; Judgment, ECF No. 290.

An appeal has not been filed in this matter. However, on December 1, 2014, Petitioner filed the instant Motion to Vacate. *See* ECF No. 584. On December 22, 2014, the Government filed a motion to dismiss, asserting that Petitioner's motion is without merit. *See* ECF No. 589. An Order filed December 23, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. *See* Order, ECF No. 590. Petitioner timely filed a response in opposition to Defendant's motion on January 26, 2015. *See* Pet.'s Resp., ECF No. 592.

Petitioner's Motion to Vacate alleges the following ground for relief, copied verbatim:

> **Ground 1**: The movant contend's [sic] that he should be re-sentenced were as his state prior conviction does not present the career offender enhancement. The movant assert that when applying Simmons information which is retroactive in the Forth Cir. due to intervening change in law. Rivers rely on Simmons, and his cliam [sic] are presented with clear finding in his Memordum [sic] of Law/and Law Argument that when appling [sic] Simmons Relief should be granted without delay.

ECF No. 584 at 4.

## APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a

sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

**ANALYSIS**

**I.     Parties' Arguments**

Petitioner contends that in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his prior state convictions no longer qualify as predicate offenses for purposes of the "Career Offender" classification under the sentencing guidelines. *See* ECF No. 584-1 at 2–3. Accordingly, Petitioner asserts that the Court must resentence him without the career

offender enhancement. *See id.* at 3. Petitioner contends that *Simmons* was made retroactive on collateral review by the Fourth Circuit, presumably in support of the timeliness of his motion to vacate. *See id.* at 4.

The Government filed a response in opposition and a motion for summary judgment asserting that the motion to vacate is untimely and barred by the statute of limitations. *See* ECF No. 589-1 at 1. The Government asserts that in light of the Fourth Circuit's *en banc* decision in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014), Petitioner's motion must be dismissed. *See* ECF No. 589-1 at 1. The Government notes that Petitioner filed his motion to vacate well over a year after his conviction and sentence became final, and argues that Petitioner has not shown that an exception to the one-year statute of limitation should apply. *See id.* at 3–4. Finally, the Government argues that, even if the motion to vacate was timely, it fails to state a cognizable claim, as an error in calculating the advisory guideline range is not cognizable in a § 2255 petition. *See id.* at 5 n.1.

Petitioner filed a reply to the Government's response, asserting that the Court should consider his petition to be timely because *Simmons* announced a new rule of constitutional law, made retroactive on collateral review. *See* ECF No. 592 at 1. Petitioner asks that the Court grant him the equitable relief of tolling the statute of limitations. *See id.*

## II.    *Whiteside*

The Fourth Circuit's panel and *en banc* decisions in *Whiteside* are instructive. In *Whiteside*, like in the present case, the petitioner filed a motion to vacate, set aside, or correct his sentence, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not qualify as a career offender and that he should be resentenced without the enhancement. *See* 748 F.3d 541, 544–45 (4th Cir. 2014). The petition, however, was untimely as it was filed more than a year after

4

the conviction became final. *See id.* Nevertheless, the panel in *Whiteside* determined that the statute of limitations should be equitably tolled because Whiteside was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*." *Id.* at 548. The court then examined whether Whiteside's challenge was cognizable on collateral review and determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 552.

The Government filed a petition for rehearing *en banc*, which the Fourth Circuit granted on July 10, 2014. *See* 578 F. App'x 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision affirming the District Court's dismissal of Whiteside's petition as untimely. *See* 775 F.3d 180. The court found that Whiteside's statute of limitations had expired, equitable tolling did not apply, and dismissal of the petition was appropriate. The court rejected Whiteside's argument that the petition was timely under 28 U.S.C. § 2255(f)(4), finding that *Simmons* was a change in law, not a new fact. *See id.* at 183. Moreover, the Court found that equitable tolling did not apply because "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Id.* at 186. § 2255(f)(3) governs when tolling would lie as a result of a change in law, and only applies where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Having found that the petition was untimely, the Court did not address the "fundamental miscarriage of justice" analysis of the panel. *See generally id.* However, in light of the *en banc* decision, the panel's decision has been vacated.

5

**III.    Discussion**

The Fourth Circuit addressed—and rejected—Petitioner's precise argument regarding the timeliness of his motion in *Whiteside*.  Accordingly, the Court agrees with Respondent that the motion to vacate is untimely.  The timeliness of Petitioner's Motion to Vacate is governed by 28 U.S.C. § 2255(f).  That section provides as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action:
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a Petitioner does not pursue a direct appeal, the conviction becomes became final when the judgment is entered on the docket.  *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *see also United States v. Osborne*, 452 F. App'x 294 (4th Cir. 2011).  Here, the Court entered Petitioner's judgment on the docket on December 29, 2009.  Accordingly, Petitioner's conviction became final on that date Petitioner and he had one (1) year, until December 29, 2010, in which to file his § 2255 motion.  Petitioner did not file the instant § 2255 motion until December

6

21, 2014, well over a year after the expiration of the limitation period. Thus, Petitioner's § 2255 Motion is untimely under § 2255(f)(1).

To the extent Petitioner asserts that his Petitioner is timely under § 2255(f)(3) or (4), the Court notes that the present petition involves the exact same statute of limitations hurdle as *Whiteside*. The *en banc* decision in *Whiteside* specifically found that the change in law set forth in *Simmons* does not qualify as a new "fact" under § 2255(f)(4). Moreover, Petitioner is not entitled to tolling under § 2255(f)(3) because *Simmons* did not set forth a right that "has been newly recognized by the Supreme Court made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added); *see also United States v. Bowman*, 561 F. App'x 294, 298 (4th Cir. 2014) ("By contrast, our decision in [*Simmons*], upon which [Petitioner] also relies, is retroactively applicable to cases on collateral review. Nonetheless, because *Simmons* is not a Supreme Court decision recognizing a new right, it likewise cannot be invoked in connection with the limitations period onset contemplated by § 2255(f)(3)." (citations omitted))). Thus, Petitioner's motion does not qualify under the exception of § 2255(f)(3) either. Accordingly, Petitioner's motion to vacate is untimely and dismissal is warranted.[2]

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

---

[2] Moreover, the Court agrees with the Government that even if the motion were timely, Petitioner's claim is likely not cognizable in a § 2255 motion. As the Government noted, several circuits have held that an error in calculating the guideline range—even for a career-offender designation—is not cognizable in a § 2255 motion where the guidelines were advisory. *See, e.g.*, *United States v. Spencer*, 773 F.3d 1132, 1140–41 (11th Cir. 2014). The Fourth Circuit's precedent supports this view, as even when the guidelines were mandatory it held that "[b]arring extraordinary circumstances . . ., an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) ("[Guidelines] claims ordinarily are not cognizable on in § 2255 proceedings.").

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

Florence, South Carolina
April 24, 2015